## 10425

### DAVIS v. JONES TRANSFER COMPANY *ET AL.*

#### (103 S. E. 520.)

1. APPEAL AND ERROR—JUDGMENT ON UNDISPUTED FACTS APPEALABLE.— Judgment of Circuit Court, on appeal from magistrate, on undisputed facts that trunk was delivered to carrier in good condition and returned in bad condition, presents a question of law, and is appealable.

2. CARRIERS—RAILROAD LIABLE FOR LOSS OF CONTENTS OF TRUNK IN ITS POSSESSION.—Where trunk was checked to the wrong place because of mistake of transfer company employee in attaching the wrong check thereto, and while in possession of railroad was opened and contents taken therefrom, the railroad was liable to the owner for loss sustained.

Before TOWNSEND, J., Richland, Summer term, 1919. Reversed.

Action by Amanda Davis, and her husband, H. J. Davis, against Jones Transfer Company and Southern Railway Company for damage to trunk and property loss therefrom. From judgment of magistrate in favor of the transfer company and against the railway company, the railway appealed to the Circuit Court and the judgment of the magistrate was reversed. From this judgment the plaintiff appeals. The Southern Railway Company being only ·respondent on appeal.

*Messrs. Blackwell & Thomas,* for appellant, cite: *Carrier liable for baggage from time of delivery to it and acceptance by it:* 4 Elliott on Railroads, sec. 1651; 85 S. C. 524; 67 S. E. 779. *If property accepted by carrier is such as passenger would be entitled to carry as personal baggage it will be considered as lawfully on carrier's premises, even if not owned by passenger, and the owner may maintain action in tort in case of loss or injury through carrier's misconduct:* 3 Hutchinson on Carrier, sec. 1276.

*Messrs. Thomas & Lumpkin,* for respondent, cite: *Damage was caused by Jones Transfer Company, plaintiff's agent, and the railway company properly relieved under all the facts; and being question of fact, findings of Circuit Court are conclusive:* 89 S. C. 398; 89 S. C. 555; 90 S. C. 329; 94 S. C. 40; 88 S. C. 553.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant went to Winston-Salem, N. C. She employed the Jones Transfer Company to carry her trunk to the Union Station and have it checked to her destination. The defendant's driver, who had several trunks, secured the checks and put them on the wrong trunks. The appellant's trunk was checked to Augusta, Ga., and then rechecked to Oklahoma. The trunk remained out of appellant's possession from June 17th to July 24th. When the appellant regained possession of her trunk she found the lock broken and that two dresses valued at $35 each had been stolen therefrom. She brought suit against the transfer company and the railway for damages for delay and for damages to the trunk and its contents. The magistrate gave judgment in favor of the transfer company and against the railway company for the loss of the goods and damages to the trunk, but nothing for the delay. On appeal to the Circuit Court the judgment of the magistrate was reversed. From this judgment this appeal is taken.

The respondent claims that the finding is a finding of fact and not appealable. This is untenable. The finding is one of law, and not of fact. The undisputed facts are that the trunk was delivered to the railway company in good order and was redelivered to the appellant in a damaged condition, without any explanation as to how the damage occurred.

We have been ·cited to no authority and no reason has been suggested, and we know of neither, why the defendant railway company is not responsible for the damage that was done while the trunk was in its possession.

The judgment appealed from is reversed.